Death Opinion













 IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,869





 

EX PARTE PRESTON HUGHES III, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM CAUSE NO. 511676-C IN THE 

174TH DISTRICT COURT HARRIS COUNTY



 

 Alcala, J., filed a concurring statement in which Johnson, J., joins.


CONCURRING OPINION


 

 I join the Court's decision dismissing applicant's second claim. However, I concur
only in the Court's denial of his first claim because I disagree with the Court's rationale as
to that claim. The Court denies that claim by holding that "applicant is not constitutionally
entitled to a separate jury instruction at the punishment phase of trial" because the "evidence
is not outside the scope of the special issues given, nor does it have an aggravating effect
when considered within the scope of the special issues." Although I agree with the Court
that relief should be denied, I conclude, for the reasons set forth in my dissenting opinion in
Ex parte Williams, that the trial court should have separately instructed the jury to consider
mitigation evidence. See Ex parte Williams No. AP-76,455, 2012 Tex. Crim. App. Unpub.
LEXIS 594, *81-85 (Tex. Crim. App. June 13, 2012) (not designated for publication)
(Alcala, J., dissenting). But, unlike Williams, applicant has not presented evidence showing
a reasonable probability that a juror, if able to give a reasoned moral response to the
mitigating evidence, would have recommended a sentence of life rather than death. Compare
id. at *90-91 (citing Abdul-Kabir v. Quarterman, 550 U.S. 233, 262 (2007)). 

 Applicant presents certain evidence that could be considered mitigation evidence that
would warrant a separate mitigation instruction. His evidence shows that he was twenty-two
years old at the time of the offense, a high school graduate, employed, friendly, and a
responsible person who could be trusted to care for young children. This is positive-character
evidence that would warrant a separate mitigation instruction. See Franklin v. Lynaugh, 487
U.S. 164, 186 (1988) (O'Connor, J., concurring) ("Evidence of voluntary service, kindness
to others, or of religious devotion might demonstrate positive character traits that might
mitigate against the death penalty."). 

 Although the separate mitigation instruction should have been given, the slight
mitigative value of applicant's evidence is overwhelmed by the extensive aggravating
evidence contained in the record in this case. Unlike Williams, I cannot conclude that there
is a reasonable probability that this sentencing jury would have been affected by this minimal
mitigation evidence. Compare Williams, No. AP-76,455, 2012 Tex. Crim. App. Unpub.
LEXIS 594, at *85-91.

 Applicant suggests that the evidence at his trial showed his remorse for the offense,
but the evidence is inconsistent with that characterization. The evidence shows he was sorry
that the "two kids in this case were killed," but that he did not express remorse for his actions
in causing their death. Because applicant failed to admit his criminal conduct and express
personal remorse for his actions, no mitigation instruction was warranted for his passing
comments about the death of the victims. Applicant's comments, therefore, are unlike the
statements by the applicant in Williams, who did express personal remorse for his role in
causing the death of the victim police officer. Compare id. at *79, *87-88.

 With these comments, I concur in the Court's decision to deny applicant's requested
relief with respect to his first claim. 

 Alcala, J.

Filed: August 29, 2012

Do Not Publish